# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PETER RENAUD, | ) |
|                   Plaintiff, | ) Case No. 12-cv-08758 <br> ) <br> ) Honorable Marvin E. Aspen |
| v. | ) <br> ) Magistrate Judge Michael Mason |
| CITY OF CHICAGO AND CHICAGO <br> POLICE OFFICER, R. FIORITO, <br> Star #11624, | ) <br> ) <br> ) <br> ) |
|                   Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Peter Renaud ("Renaud" or "Plaintiff"), filed a six-count complaint alleging various state and federal law claims against Defendants Officer Fiorito ("Fiorito") and the City of Chicago (collectively, "Defendants"). Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for alleged violations of the Fourth, Eighth, and Fourteenth Amendments of the U.S. Constitution. Additionally, Plaintiff alleges state law claims of malicious prosecution and intentional infliction of emotional distress. Plaintiff also seeks to hold the City of Chicago liable under 745 ILCS 10/9-102 for Defendant Fiorito's alleged misconduct. Presently before us is Defendants' motion to dismiss all six counts of Plaintiff's complaint as time-barred. For the reasons set forth below, we grant Defendants' motion.

## BACKGROUND

The following facts are drawn from Plaintiff's complaint and accepted as true for the purposes of this motion. In the early morning hours of February 12, 2008, Plaintiff was driving North on Clark Street in Chicago with one passenger in his car. (Compl. ¶¶ 6, 7.) In the vicinity

of Grace and Clark Streets Plaintiff realized he was being followed by a Chicago police car driven by Fiorito. (*Id.* ¶ 8.) Fiorito followed Plaintiff for approximately three quarters of a mile until Plaintiff parked his car at 828 W. Dakin Street. (*Id.* ¶¶ 8–9.) Plaintiff got out of his car and approached Fiorito's vehicle and asked if he could park at that location. (*Id.* ¶ 11.) Fiorito responded hostilely to Plaintiff and instructed him to remain in the area for an interview and field sobriety tests. (*Id.* ¶¶ 11–12.) Plaintiff performed a serious of tests according to Fiorito's instructions. (*Id.* ¶ 13.) After successfully completing the tests Plaintiff asked for permission to leave, at which point Fiorito informed him that he was not free to go and placed him under arrest. (*Id.* ¶ 14.)

Plaintiff was charged with "failure to stay in lane, failure to stop at a stop sign, failure to wear a seat belt, operating a vehicle without insurance, and DUI." (*Id.* ¶ 16.) Plaintiff was held in custody at the Belmont and Western Police Station for approximately nine hours and his car was impounded. (*Id.* ¶¶ 18–19.) On February 12, 2008, the same day as the arrest, Fiorito allegedly created false police reports pertaining to Plaintiff's arrest. (*Id.* ¶ 20.)

On November 1, 2011, Plaintiff appeared before the Honorable Lorna E. Propes in the Circuit Court of Cook County. (Reply, Ex. A.) Judge Propes found Plaintiff guilty of improper traffic lane usage and gave him supervision for the remaining charges. (*Id.*) Plaintiff filed the present lawsuit on November 1, 2012.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks enough

facts "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)); *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. At this stage in the litigation we take as true all factual allegations made in the complaint, and construe all reasonable inferences in the plaintiff's favor. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995).

Defendants' argument that Plaintiff's claims are barred by the applicable statutes of limitations is an affirmative defense. "While a statute of limitations defense is not normally part of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011); *U.S. Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003) ("[A] litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense . . .").

## ANALYSIS

Defendants argue that Plaintiff's state law claims are barred by the one-year statute of limitations found in the Local Government and Governmental Employees Tort Immunity Act, 745 ILCS 10/8-101. (Mot. at 2.) Additionally, Defendants argue that Plaintiff's federal claims are time-barred according to the applicable statute of limitations for § 1983 claims, which is derived from Illinois personal injury actions. (*Id.* at 3.) We first address the sufficiency of

Plaintiff's federal claims since they provide the basis for our jurisdiction under 28 U.S.C. § 1331.

## I. FEDERAL CLAIMS

### A. Plaintiff's federal claims are time-barred.

The appropriate statute of limitations period for § 1983 claims is the limitations period for personal injury claims in the state in which the alleged violation occurred. *See Wilson v. Garcia*, 471 U.S. 261, 276, 105 S. Ct. 1938, 1947 (1985); *Ashafa v. City of Chi.*, 146 F.3d 459, 461 (7th Cir. 1998). In Illinois, the limitations period is two years, as set forth in 735 ILCS 5/13-202. *See Ashafa*, 146 F.3d at 461. Federal law, however, determines when a § 1983 action accrues, which is generally "when a plaintiff knows or has reason to know of the injury that is the basis for the action." *See Sellers v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996). Therefore, the two-year period for filing a complaint began to run when Plaintiff knew or should have known that his constitutional rights had been violated.

Plaintiff's federal claims stem solely from his encounter with Defendant Fiorito on February 12, 2008. (Compl. ¶¶ 17, 19, 66.) Thus, Plaintiff knew, or should have known, that his rights were violated on February 12, 2008. Based on these facts alone, Plaintiff's claim expired on February 13, 2010. Therefore, absent a tolling of the limitations period, Plaintiff's federal claims are time-barred. Plaintiff does not argue that the period was tolled and offers no set of facts—either in his complaint or his response objecting to the current motion—that would entitle him to continue to pursue his federal claims against Defendants. *See Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993) (stating that if a party "pleads facts that show that his suit is time-barred or otherwise without merit, he has pleaded himself out of court.").

We also dismiss Plaintiff's federal claims against the City of Chicago. Plaintiff alleged that the city was liable for Fiorito's conduct because it engaged in a pattern or practice of implicit approval of unlawful arrests and malicious prosecutions. (Compl. ¶¶ 54–55.) "However, a municipality cannot be found liable if there is no finding that the individual officer is liable on the underlying substantive claim." *Durkin v. City of Chi.*, 341 F.3d 606, 615 (2003) (citing *City of L.A. v. Heller*, 475 U.S. 796, 799, 106 S. Ct. 1571, 1573 (1986) (per curiam)). Accordingly, since Plaintiff's claims against Fiorito are time-barred, Plaintiff may not go forward with his claims against the City of Chicago. Therefore, we grant Defendants' motion as to the federal claims against both Defendants.

      **B.**      **Amendment of the complaint would be futile.**

In his response, Plaintiff raises no new arguments—and in fact no argument at all—in support of his federal claims. Instead, Plaintiff seeks leave to voluntarily dismiss his federal claims and amend his complaint. (Resp. at 5.) Plaintiff does not make clear in his response whether he is seeking a voluntary dismissal under Federal Rule of Civil Procedure 41(a) or leave to amend under Rule 15(a). However, because Rule 41(a) only applies to dismissal of an entire action, and Plaintiff appears seek dismissal of only his federal claims, we will treat his response as a motion to amend under Rule 15(a). *See Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001) ("Rule 41(a)(1)(I) does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action'—which is to say, the whole case."); *Loutfy v. R.R. Donnelley & Sons, Co*., 148 F.R.D. 599, 602 (N.D. Ill. 1993) ("Rule 41(a) was singularly designed to allow for voluntary dismissal of entire actions only and not for dismissal of one of several claims against a defendant.").

The decision whether to grant leave to amend after twenty-one days under Rule 15(a) is within the district court's discretion. *Foman v. Davis*, 371 U.S. 178, 183, 83 S. Ct. 227, 230 (1962); *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). A denial of leave to amend is appropriate if the amendment would be futile. *Villa v. City of Chi.*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183, 83 S. Ct. at 230); *see also Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir. 1993) ("[T]he court should not allow the plaintiff to amend his complaint when to do so would be futile."). A proposed amended pleading is futile when it "could not withstand a motion to dismiss." *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992); *see also Glick v. Koenig*, 766 F.2d 265, 268 (7th Cir. 1985); *Universal Mfg. Co. v. Douglas Press, Inc.*, 770 F. Supp. 434, 435 (N.D. Ill. 1991).

Plaintiff's initial complaint was insufficient to survive a motion to dismiss his federal claims and he has offered no indication of how an amended complaint would remedy this deficiency. Plaintiff did not attach a proposed amended complaint to his response nor did he make any attempt to explain how an amendment would fix his insufficient pleadings. *See Jafree v. Barber*, 689 F.2d 640, 644 (7th Cir. 1982) (affirming denial of a motion to amend where "[a]t the time of his request for leave . . . the plaintiff did not explain how he would cure the defective allegations."); *Shashoua v. Quern*, 612 F.2d 282, 285 (7th Cir. 1979).

Because Plaintiff failed to submit a copy of his proposed amendment or any information that would allow us to evaluate its sufficiency, we cannot conclude that Plaintiff's amended complaint would withstand a motion to dismiss. *See Bower*, 978 F.2d at 1008; *Chi. Dist. Council of Carpenters Pension Fund v. G & A Installations, Inc.*, No. 95 C 6524,1996 WL

288629, at *2 (N.D. Ill. May 30, 1996). Accordingly, we deny Plaintiff leave to amend the complaint.

## II. STATE LAW CLAIMS

Having dismissed Plaintiff's federal claims we must decide whether to retain supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction[.]"). As a general rule, "when all federal law claims are dismissed before trial, the pendent claims should be left to the state courts." *Wright v. Assoc. Ins. Cos. Inc*., 29 F.3d 1244, 1252 (7th Cir. 1994); *Williams v. Roderiguez*, 509 F.3d 392, 404 (7th Cir. 2007). The Seventh Circuit has recognized exceptions to the general rule, however. *Wright*, 29 F.3d at 1251–52. When it is clear how the state claims should be decided, judicial economy and convenience weigh in favor of retaining jurisdiction and ruling on the pendent claims. *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994). A federal district court may decide a state claim rather than return "doomed litigation" to state court that will only be dismissed once it arrives in there. *Groce v. Eli Lilly & Co*., 193 F.3d 496, 502 (7th Cir. 1999). Plaintiff's pendent state claims fall into this category, so we will retain jurisdiction and address them.

### A. Malicious Prosecution

Plaintiff's malicious prosecution claim fails to state a claim on which relief may be granted. In order to properly state a claim for malicious prosecution under Illinois law, a

plaintiff must allege: "(1) plaintiff was subjected to judicial proceedings; (2) for which there was no probable cause; (3) defendants instituted the proceedings maliciously; (4) the proceedings were terminated in the plaintiff's favor; and (5) there was an injury." *Curtis v. Bembenek*, 48 F.3d 281, 286 (7th Cir. 1995); *Treece v. Vill. of Naperville*, 903 F. Supp. 1251, 1257 (N.D. Ill. 1995); *Joiner v. Benton Cmty. Bank*, 82 Ill.2d 40, 44, 411 N.E.2d 229, 232 (1980). A finding of guilt does not constitute a termination favorable to the plaintiff. *Bontkowski v. U.S.*, 28 F.3d 36, 37 (7th Cir. 1994) ("A prosecution ending in a guilty plea does not end in a manner "indicative of Plaintiff's innocence."). Likewise, under Illinois law, a disposition of supervision is not considered a termination in the plaintiff's favor. *Turner v. Green*, 704 F. Supp. 139, 141 (N.D. Ill. 1988) (citing *Hajawii v. Venture Stores, Inc.*, 125 Ill. App. 3d 22, 25, 465 N.E.2d 573, 575 (1st Dist. 1984)).

Plaintiff does not allege a favorable termination of the underlying charges against him anywhere in his complaint. He does claim in his response to the current motion that he was found not guilty at his trial on November 1, 2011. (Resp. at 2.) This claim is belied by a certified disposition of the charges against Plaintiff. (Reply, Ex. A.) According to public records, Plaintiff was found guilty of improper lane usage and received supervision for the remaining charges of disregarding a stop sign, seat belt violation, operating an uninsured vehicle, and driving under the influence.[1] (*Id.*) The criminal proceedings against Plaintiff were not

---

[1] While we are generally confined to the pleadings when evaluating a Rule 12(b)(6) motion, we may take judicial notice of orders entered in other courts without converting the present motion into one for summary judgment. *See Cancer Found., Inc. v. Cerberus Capital Mgmt. LP*, 559 F.3d 671, 675 n.2 (7th Cir. 2009); *U.S. v. Stevens*, 500 F.3d 625, 628 n.4 (7th Cir. 2007). "To the extent an exhibit or a judicially noticed court document contradicts the complaint's allegations, the exhibit or document takes precedence." *Rockwell v. City of Chi.*, No. 11 C 2632, 2012 WL 33009 *1 (N.D. Ill. Jan. 6, 2012) (citing *Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007)).

resolved in his favor and thus, cannot support his claim for malicious prosecution. Therefore, Plaintiff has failed to state a claim for malicious prosecution.

### B. Intentional Infliction of Emotional Distress

In order to plead a valid cause of action for IIED under Illinois law, Plaintiff must allege that: "(1) the [Officer's] conduct was extreme and outrageous; (2) the [Officer] intended to inflict severe emotional distress or knew there was a high probability that the conduct would cause such distress; and (3) the [Officer's] conduct did, in fact, cause severe emotional distress." *Treece v. Vill. of Naperville*, 903 F. Supp. 1251, 1259 (N.D. Ill. 1995) (citing *Doe v. Calumet City*, 161 Ill.2d 374, 392, 641 N.E.2d 498, 506 (Ill. 1994)). Plaintiff pleaded all of the necessary elements for an IIED claim. (Compl. ¶¶ 82–87.) Defendant argues, however, that the IIED claim is time-barred by the one-year statute of limitations found in 745 ILCS 10/8–101. (Mot. at 2.)

The parties agree that the claim is subject to the one-year statute of limitations found in § 8-101, however, they dispute when the cause of action accrued. Plaintiff contends that IIED is a continuing tort under Illinois law and thus, it is the last tortious action, and not the initial conduct, that starts the clock running on the statute of limitations. (Resp. at 3.) Defendants argue that the IIED claim accrued on the day of Plaintiff's arrest and that Fiorito's "continued lie[s] and falsif[ied] reports" were merely "ill effects" stemming from his initial conduct on February 12, 2008. (Reply at 5.)

We look to Illinois law to determine when Plaintiff's IIED claim accrued. *See Feltmeier v. Feltmeier*, 207 Ill.2d 263, 284–85, 798 N.E.2d 75, 89 (2003). Under Illinois law, a cause of

action for "continuing torts"—such as IIED—accrues "at the time the last injurious act occurs or the conduct is abated." *Id*. "[A] continuing tort does not involve tolling the statute of limitations because of delayed or continuing injuries, but instead involves viewing the defendant's conduct as a continuous whole for prescriptive purposes." *Id*. The key question, then, is what act or acts form the basis of the Plaintiff's IIED claim.

Plaintiff asserts that both the initial encounter with Fiorito and Fiorito's ongoing participation in his prosecution form the basis of his IIED claim. (Compl. ¶ 82.) To the extent that Plaintiff's IIED claim is premised on the events of February 12, 2008, it is time-barred since it was not brought within the one-year statute of limitations period in § 8-101. However, when an IIED claim is based on the same conduct that forms the basis of that malicious prosecution claim, the cause of action does not accrue until criminal proceedings are terminated in the plaintiff's favor. *See, e.g., Bergstrom v. McSweeney*, 294 F. Supp. 2d 961, 969 (N.D. Ill. 2003) ("As Bergstrom's intentional infliction of emotional distress claim incorporates the conduct underlying his malicious prosecution claim, the cause of action did not accrue until the state criminal proceedings against him were terminated."); *Evans v. City of Chi.*, 2001 WL 1028401, at *14 (N.D. Ill. Sept.6, 2001) (holding that the plaintiff's IIED claim incorporated the same conduct of the Officers that supports his remaining malicious prosecution claim and thus accrues at the same time); *Treece*, 903 F. Supp. at 1259 ("As with malicious prosecution claims, the clock did not start running on plaintiff's IIED claim until the state criminal proceedings were terminated.").

The problem with applying the latter rule to Plaintiff's IIED claim is that the underlying criminal proceedings were not resolved in Plaintiff's favor. Plaintiff alleges that Fiorito falsified

police reports on February 12, 2008, and subsequently participated in the malicious prosecution of Plaintiff. (Compl. ¶¶ 20, 79.) But Plaintiff cannot rely on Fiorito's allegedly tortious conduct during his trial and his subsequent conviction as the basis for his IIED claim when he has failed to show that the criminal proceeding was ultimately resolved in his favor. *See Parish v. City of Elkhart*, 614 F.3d 677, 684 (7th Cir. 2010) (concluding that an IIED claim based on, in part, an underlying malicious prosecution claim could not have been brought "until [plaintiff's] conviction was disposed of in a manner favorable to him."). As the Seventh Circuit explained in *Parrish*, allowing an IIED claim to move forward under these circumstances would amount to an impermissible collateral attack on a presumptively valid criminal conviction. *Id.* at 684. Thus, unless Plaintiff gets his underlying guilty conviction and supervision decisions overturned, he cannot bring an IIED claim based on Fiorito's conduct related to the criminal proceedings.

This leaves Plaintiff with only Fiorito's conduct on the morning of February 12, 2008, to support his IIED claim. Plaintiff's IIED claim based on these facts is time-barred by the one-year limitations period found in 745 ILCS 10/8–101. Accordingly, we grant Defendants' motion to dismiss the IIED claim.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is granted in its entirety. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Date: May 21, 2013